**STATE, on complaint of YOUNG, v WEHRLY**

Ohio Appeals, 2nd Dist, Preble Co

No 77.   Decided ·Feb 3, 1933

Sam D. Kelly, Dayton, for plaintiff in error.

Hugh R. Gilmore, Eaton, and F. G. Shuey, Camden, for defendant in error.

**354**

KUNKLE, J.

From such judgment of the Court of Common Pleas dismissing the appeal and overruling the motion of plaintiff in error for leave to amend the appeal bond, error is prosecuted to this court.

Counsel have favored the court with briefs in which their respective views are set forth in detail.

There has also been filed with us the written opinion of Judge Risinger of the Court of Common Pleas in which he details the facts disclosed by the record not only in his court but also in the lower court. In view of this detailed opinion of Judge Risinger, we do not deem it necessary to re-state all the facts disclosed by the record. The appeal bond in question is signed, "Alvada Young by Sam D. Kelly, her Attorney." It recites that "Alvada Young and $200 in cash are held and firmly bound unto the State of Ohio," etc. It is not signed by any surety or sureties. Is this bond such a bond as is required by our statute? It is unimportant to ascertain what the rulings may be in sister jurisdictions where different statutes govern appeal cases.

If this bond is fundamentally defective, then it cannot be amended. It has been determined in different cases in this state that a bond which substantially contains the requisites of the statute may be amended so as to comply with the statute.

If the bond is fundamentally defective, then it is a nullity and cannot be amended.

This subject is treated in detail in **Ohio Jurisprudence, Vol. 2, §§272, 274, etc.**

Sec 11207 GC, provides that the bond shall be executed by the adverse party with one or more sufficient sureties.

It is conceded that a bond with sufficient sureties as required by the statute was not given. In lieu thereof a cash deposit was made with the clerk of the court.

The most recent decision of our Supreme Court on the subject of the amendment of bonds to which our attention has been called is found in the case of **Austin v Morris, 103 Oh St, p. 449.** This is a case wherein an attempt was made to file an appeal bond, but the names of the obligees were not inserted in the blank space provided for that purpose. The Supreme Court held that it was not error to permit the names of the obligees to be inserted. Without discussing this case in detail it is sufficient to say that the power to amend is based upon the provisions of §11363 GC, which authorizes the correction of mistakes or the making of amendments in an action or proceeding.

A consideration of this case discloses that the question of amendment is subject to the discretion of the court. §11363 GC throughout provides that the court may permit such amendment. The deposit of money with the clerk is not a compliance with the statute which provides that a bond with sureties must be given.

The trial court refused to exercise its discretion in favor of permitting an amendment to the bond.

Did the trial court abuse its discretion to the extent of authorizing a reviewing court to reverse the judgment? It is not necessary to find that the bond in question was fundamentally defective.

Assuming that the Court of Common Pleas had authority to permit an amendment to the bond in question, if the circumstances warranted such leave, has the court abused its discretion so as to authorize a reviewing court to reverse the ruling of the Common Pleas in reference to such amendment? The record discloses that the Probate Court fixed the appeal bond at $200.00. The Common Pleas Court in the written opinion questions whether such amount was deposited. Counsel for plaintiff in error in their brief concede that only $100.00 was deposited and excused the additional $100.00 deposit on the theory that the plaintiff in error as a nonresident had previously been required to give security for costs and had deposited $100.00 for such purpose; that the $100.00 so previously deposited by order of the Probate Court plus the additional $100.00 deposited when the bond in question was given constitute the $200.00 bond. Counsel concede that the costs at the time of making the deposit amount to $82.28.

It thus appears that the plaintiff in error did not comply with the order of the Probate Court by giving a bond in the sum of $200.00. A deposit in lieu of sureties is permitted by statute in some states, but is not in the state of Ohio. We do not find it necessary, however, to hold that the bond in question is fundamentally defective and

therefore not subject to amendment.

Before we could reverse the ruling of the Court of Common Pleas, however, we would be required to find that under all the circumstances disclosed by the record the Court of Common Pleas had abused its discretion in refusing permission to amend the bond. The finding of the lower court as disclosed by the entry is that the motion to dismiss was sustained for the reason that no proper bond had been given and for other and further reasons set forth in the motion. It thus appears that the lower court's action was based upon reasons other than the form of the bond.

The Ohio cases to which our attention has been called are all cases in which an amendment of the bond has been sustained by the reviewing court, that is the reviewing court held that the trial court did not abuse its discretion in permitting such amendment.

From a consideration of the record in this case we are clearly of opinion that the bond as given does not constitute a compliance with the statute, and we are also of opinion that this court would not be justified in holding that the lower court clearly abused its discretion in refusing an amendment of the bond in question. The judgment of the lower court will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.