## AUDITORIUM REALTY CO v HUSSMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1172. Decided April 20, 1933

Kusworm & Shaman, Dayton, for plaintiff.

W. S. Rhotehamel, Dayton, for defendant.

BY THE COURT

The above entitled cause is now being determined on plaintiff's motion to dismiss

the appeal for the following reasons.

1. That the appeal has not been perfected as required by law.

2. That the court does not have jurisdiction in the premises.

The action originated in the Court of Common Pleas and on November 18, 1932, judgment was rendered for plaintiff.

Objection is raised that the appeal bond was not filed within the time prescribed by law.

Sec 12226 GC reads as follows:

"A party desiring to appeal his cause to the Court of Appeals within thirty days after the judgment or order is entered on the journal of the court, shall give an undertaking with sufficient surety, to be approved by the clerk of the court or a judge thereof, as hereinafter provided, and in such amount as is required or fixed by the provisions of §12229 GC."

In the transcript of docket and journal entries notation is made that a bond was filed on December 27, 1932.

By a simple process of calculation it is obvious that this was more than thirty days after the rendering of the judgment in the Common Pleas Court.

Counsel representing the defendant asks this court to make a finding that in fact the appeal bond was given within the thirty days.

For the purpose of making up a record the defendant was permitted to present evidence in support of such claim.

Oral arguments were presented on the motion. Counsel for defendant cites §11572 (a) GC; Long v State of Ohio, 109 Oh St, 77; Tinker v Sauer, 105 Oh St, 135 and Barnes v Christy et, 102 Oh St, 160. In our judgment neither the section nor cases cited meet the question involved in the instant case.

Sec 11572 (a) GC specifically refers to an omission in the bill of exceptions occurring through accident or error. In the case of Long v State, 109 Oh St, supra, the court invoked the provision of said §11572 (a) GC and corrected the spelling of the name in the bill of exceptions. Case of Barnes v Christy, 102 Oh St, supra, and Tinker v Sauer, 105 Oh St, supra, both deal with amendments of a petition in a chancery case. The courts had under consideration §§12223 and 11363 GC and in effect held that amendments of pleadings were permitted in the appellate court.

In the instant case we have a question of jurisdiction. In order for this court to have jurisdiction the provisions of the law must be strictly complied with.

In the matter of the giving of the bond this court has no authority to inquire into or correct the file dates.

Parenthetically we might say that even if we did have jurisdiction to inquire into or order the correction of the time of filing the bond that the facts in the instant case do not support the claim that the bond was filed within the thirty day period. The signing of the bond in blank and leaving it with the clerk of courts is not a compliance of the statute. There certainly could be no binding obligation on the signers of the bond until it was filled out. It seems to be conceded that this was done on December 27, 1932. December 27th was after the expiration of the thirty days within which the bond must have been given.

The motion of plaintiff to dismiss the defendant's appeal will be sustained.

Entry may be drawn accordingly.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.

## ON APPLICATION FOR REHEARING

### Decided May 17, 1933

BY THE COURT

The above entitled cause is now being determined on defendant's application for rehearing from a decision rendered April 20th, 1933. We think the original written opinion covers every legal aspect of the case and that there is nothing in the memoranda or additional authorities cited to warrant any change in our original conclusion.

Sec 12226 GC in substance provides that a party desiring to appeal his case to the Court of Appeals shall within thirty days after judgment give an undertaking with sufficient surety to be approved by the clerk or a judge thereof and in such amount as is required or fixed by §12229 GC.

It should require no argument or citation of authorities beyond the plain language of the Code to arrive at the conclusion that a substantial observance of this section is requisite to give the Court of Appeals jurisdiction.

There is great liberality in correcting errors in form and substance, but no court can extend the rule of correction where the bond has not been given substantially as prescribed.

In the cases cited wherein amendments and corrections of appeal bonds were permitted it must necessarily be conceded that an appeal bond had been given within the time prescribed under the statute. It certainly is obvious that no court can permit amendments or corrections to cure jurisdictional defects.

Measured, by this conception of the law let us examine the several cases cited by counsel for defendant in his memoranda supporting his application for rehearing.

The case of **State ex Ayers v Green et, 22 C.C. (N.S.), 321** can not aid us in a determination of the instant case for the reason that in the cited case the court was dealing with the question of the right of the Court of Common Pleas to correct its own records. Every court has this inherent right during the term and a continuing right after term on petition and hearing. In the instant case we are asked to correct the record in the court below. The appeal bond was filed in the Common Pleas Court and the law requires it to be approved by the clerk of that court or a judge thereof.

The next case cited is that of **Austin et v Morris et, 103 Oh St, 449.** In this case the appeal bond was in every respect regular except that the names of the obligees were not written into the bond. It was filed within the time prescribed and was approved by the clerk. The court calls attention to the fact that on the back of the bond the style of the case and its number had been written. Let us suppose that no application for or correction of the bond had been made and that the case had proceeded to final judgment and the intended obligees under the bond would have brought action to recover, would anyone urge that recovery could not be had on the bond merely because the names of the obligees of the bonds were not inserted therein? The conclusion is irresistible that the bond was good as an appeal bond whether or not any amendments or corrections were made. In the interests of formal regularity any court would permit such amendment or correction, but not for the purpose of supplying jurisdictional requirement.

The next case cited is **Seibert v Foley, 16 C.C., 448.** In this case Ellen Foley commenced an action against Seibert and Weisbrodt asking for judgment on a promissory note executed by the two defendants. Weisbrodt made no defense but Seibert filed an answer that he was only the surety which fact was known to the plaintiff and that after the note became due the plaintiff had entered into a contract with the principle without the knowledge of the surety to extend the date of payment. The trial court entered judgment against Weisbrodt by default and dismissed the action as to Seibert. Within the statutory time Mrs. Foley filed an appeal bond regular in form and in a proper amount except that the recital in the bond was to the effect that she had recovered a judgment against Gus Weisbrodt and that she intends to appeal therefrom. Of course, this was a clerical error since she did not desire to appeal from a judgment against Weisbrodt since she already had a judgment against him for the full amount claimed. What she was seeking to do and intended to do was to appeal from the judgment of dismissal. Seibert filed motion to dismiss the appeal. Thereafter Mrs. Foley moved the court to allow her to file a new appeal bond correcting the mistake in the old one if it was insufficient or to allow her to file a written consent by the surety that the bond first given should also apply to the appeal of the case against Seibert. The motion was sustained and a second undertaking was filed in the court making the appeal applicable to defendants. The court then overruled the motion of Seibert to dismiss. The case went to trial and Mrs. Foley recovered judgment against both defendants. Seibert prosecuted error and among other matters raised the question on the appeal bond. In the Court of Appeals a majority of the court was of the opinion that the trial court had full power to allow a new undertaking to be filed to correct this mistake in error and form. This court is not prepared to accept this announcement in the broad terms expressed in the opinion, but will follow the case if limited to the findings as contained in the last paragraph on page 451 of the opinion. In other words, we think that under the recited facts the original appeal bond was an appeal of the entire judgment and hence there was full compliance of the jurisdictional requirements. Without amendment Seibert could have enforced liability had he won in the trial, even though the notice to appeal and the appeal bond did not mention his name.

In the case of **Shires v Fessler et, 21 C.C. (N.S.) 529** the appeal bond was regular in form and the sole and only question was that it was signed by the defendant and not by any surety. The purpose of the appeal bond is to secure the adverse party against loss in the event judgment is awarded against the appellant, in the court

to which the case is sought to be appealed. Of course, the principal is primarily liable where the statute is strictly complied with and sureties join in the execution of the appeal bond. If the principal is financially sound the appellee is protected even though no sureties join in the bond. Had the case proceeded to trial without raising any question on the bond and had the appellee won in the court to which the case was carried, he could have proceeded against the appellant either on the executed document called appeal bond or on his judgment.

Under a case with similar facts we are inclined to think we would have difficulty in determining that such a bond had been given as would give jurisdiction to the case. In the instant case we have a very dissimilar state of facts from any of the cases cited. The most that can be said is that the defendant did desire to appeal his case from the judgment of the Court of Common Pleas and in furtherance of that desire he did take with him to the clerk's office proper sureties, secured from the clerk of courts a blank appeal bond and he and the sureties signed it and then left it in the clerk's office. Other than the signatures there was not a scratch of a pen placed on it at that time. None of the blanks were filled in, neither was the bond endorsed on the back to show the title of the case in question. No amount was inserted. So far as the paper left there at that time it did not refer or apply to any case. It is true that the defendant expected the clerk of courts to fill it out, file it and approve it as of that date, but there is no statutory requirement making it a duty of a clerk of the court so to do. Under the situation nothing more can be claimed than that the deputy clerk was volunteering to act for the defendant. It possibly would be more correct to say that the defendant expected the deputy clerk to fill out, file and approve. Through his failing to do what was expected, this court can not determine that something was done which in fact was not done. There are situations where it may be determined as done that which should be done, but that rule can not be extended to the point of determining as done that which the defendant in the instant case expected to be done. If the bond had been filled out and left with the clerk and the sureties approved and nothing remained but to file then we would have a situation where the clerk failed to perform a prescribed duty and courts might and should determine as done that which

the clerk should have done. The filling out of the appeal bond being no part of the official duty of the clerk of the court or his deputy, the defendant must accept the consequences if his representative failed to do that which was necessary in order to perfect his appeal. As between the plaintiff and the defendant the former had a right to insist upon the substantial compliance of the Code in order to give the Court of Appeals jurisdiction.

No appeal bond was filed in the clerk's office within the statutory period. Not until December 27th was such a bond filed. Let us assume that the deputy clerk had not filled out the appeal bond on December 27th could it be said that the paper in the form it was before that date would have been enforceable in favor of anybody for any amount against anybody? It surely would not.

The application for rehearing will be denied and entry may be drawn in conformity to original decision.

Since dictating the above, but before same was transcribed, counsel for defendant submitted a reply brief. We have read same carefully and now make the following additional comments. We are not basing our conclusion on the question of defective filing but rather on the question that no bond was filed at all until December 27th. To make the question a little more clear, we might say that if the paper as signed within the statutory time had been filed with all the formality known to the law, yet it would not have constituted an appeal bond. As above stated, there was nothing written in it or on it to indicate to what it referred, the amount of the bond or the case in which it was given. We quite agree that the clerk of the court is a ministerial officer of the court and not an agent of either of the parties. However, he is, only a ministerial officer in performing the duties prescribed by law or incident thereto. It is no part of his duty to prepare papers for litigants. If he does so it is purely as a volunteer and if it is not done correctly, the party entrusting him to do such voluntary work will have to stand the consequences.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.