**HALE v SAGAMORE HILLS** (village) et

Ohio Appeals, 9th Dist, Summit Co

No 2441. Decided March 28, 1934

James Olds, Akron, for the motion.
C. E. Mills, Akron, contra.

## OPINION

By WASHBURN, PJ.

It will be noted that no sureties are named in the body of the document or in connection with the signatures on said document, and it is apparent that the signatures on said document other than the witnesses are not the signatures of individuals signing as sureties; and, applying the liberal rule of interpretation which we are required to indulge in reference to said document, it is apparent that the mayor and clerk signed in their official capacities, and that it was their intention to sign on behalf of said village as the appellant; and if we assume that they had authority to so sign for said village, then we have squarely presented the question of whether or not a document purporting to be an appeal bond, which is not signed by any surety and does not contain the name of any surety, may be said to be an appeal bond which the court is authorized to permit to be amended, after the expiration of the time for filing an appeal bond, so as to conform to the requirements of the statutes relating to appeal bonds.

Secs 12232 and 11363, GC, authorizing amendments in a proceeding such as is involved in this case, and which, by the settled law of the state, are to receive a liberal construction in order to promote the object of said statutes and assist the parties in obtaining justice, provide in a general way that when a surety in an appeal bond has removed from the state or the bond is not sufficient in form or amount, the Court of Appeals may order the bond to be changed or renewed or a new bond given, and that, in furtherance of justice, a proceeding such as is here involved may be amended by correcting a mistake in any respect; and said statutes, in their application to the amendment of documents purporting to be appeal bonds, have been very liberally construed in numerous cases by the Supreme Court of Ohio, but we can find no case in which the court has sanctioned the amendment of a document not signed by any surety. The decision reported in **Shires v Fesler, 21 C.C. (N.S.) 529, 35 O.C.C. 162,** rendered Dec. 12, 1914, was vacated on Jan. 20, 1915, because it had been inadvertently made, and amendment of a document which was an appeal bond in proper form in every respect and which was signed by appellant but not by a surety, was not permitted and the appeal was dismissed.

As jurisdiction in an appeal case depends upon a substantial compliance with the requirements prescribed by statute for such appeal, it would seem to follow that §§12232 and 11363 GC should not be so liberally construed and applied as to permit the correction of jurisdictional defects in the proceeding to perfect an appeal, and that, if the document filed in this case was not such as to give this court jurisdiction, the application to amend should be denied, and the motion to dismiss granted.

**State, on complaint of Young v Wehrly, 14 Abs 353.**

**Auditorium Realty Co. v Hussman, 14 Abs 727.**

The only purpose of requiring a bond in an appeal case is to furnish security other than that already possessed by the appellee; and if no sureties were named in the document filed and no sureties signed it, no additional security was furnished, and therefore no bond was filed and there is nothing to amend so as to give the court jurisdiction.

**Shamokin Bank v Street, 16 Oh St 1.**

**Allen v Turnpike Co., 9 O. Dec. (Rep.) 322.**

**Mullins v Webb, 25 Oh Ap 352 (6 Abs 62).**

In the case of **Steele v Garn, 91 Oh St 381,** the exact question involved in the instant case was presented to the Supreme Court of Ohio for determination; and while in the report of that case it does not appear just what was decided nor the reasons for the decision, that information is furnished in an opinion by a Court of Appeals, which also had before it for determination the very question we have to determine in the instant case. I refer to the case of **Rich v Rupert, 12 Oh Ap 159,** wherein it is shown that in the Steele v Garn case a document purporting to be an appeal bond was filed, signed by the appellant, but not signed by any surety whatever, and a motion to dismiss the appeal was overruled and the motion for leave to amend the document by supplying sureties was granted by the Court of Appeals, and the case was reversed by the Supreme Court and final judgment was entered therein dismissing the appeal.

On the authority of that case, and following the case of Rich v Rupert, we reach the conclusion that the document filed herein as an appeal bond, is not such an undertaking as to confer jurisdiction upon the Court of Appeals to permit its amendment so as to conform to the requirements of the law, or authorize the filing of a new undertaking.

The motion of the defendant to amend such document is overruled, and the mo-

tion of the plaintiff to dismiss the appeal is granted, with exceptions to the defendant.

FUNK and STEVENS, JJ, concur in judgment.