## SEARS v BADGLEY

Ohio Appeals, 1st Dist, Warren Co

No 184.    Decided Oct 19, 1936

Maple & Maple, Lebanon, for appellee.
George H. Smith, Xenia, for appellant.

## OPINION

**By MATTHEWS, J.**

This is an appeal from the Court of Common Pleas of Warren County in an action appealed to that court from a judgment rendered in the court of a justice of the peace.

The notice of appeal filed in the Common Pleas Court recites that the appeal was taken on both law and facts, and an appeal bond was given. It is manifest, of course, that this court has no jurisdiction to hear de novo an action originating in the Court of a Justice of the Peace. It is not a chancery case

This appeal must, therefore, be considered as an appeal on questions of law only.

No bill of exceptions has been filed. In this situation, the law provides that the appellant should be given an opportunity to bring upon the record through the medium of a bill of exceptions such facts as do not otherwise appear there. By §11564, GC, this is made mandatory upon the court. The law permits the parties to agree that the bill of exceptions is a true bill and thereby to dispense with the certificate of the trial judge. No formal bill of exceptions was presented and filed. However, the parties agreed upon the facts.

The Court of Common Pleas dismissed the appeal from the justice of the peace on the ground that no appeal bond had been filed as required by law.

It appears from the record and the agreement of the parties that a bond was filed with the justice, who approved it. This bond was signed by The Fidelity and Deposit Company of Maryland, by Allegra E. Hawes, as attorney in fact. Attached to the bond was a certified copy of the power of attorney showing the extent of the authority of Allegra E. Hawes, and that it did not include authority to execute an appeal bond.

The Common Pleas Court concluded that as the attorney in fact exceeded his authority, no surety had signed the bond and, therefore, no appeal bond had been filed in contemplation of law.

The appellant asked leave of the Court of Common Pleas to amend the bond by filing a ratification of the act of the attorney in fact or by the re-execution of a new bond, signed by the same surety through the same attorney in fact, under a power of attorney specifically authorizing it.

The Common Pleas Court held that the filing of an appeal bond was jurisdictional, that in law no surety had signed this bond, and that to permit the ratification of the bond filed, or the re-execution of a bond by the corporation that purported to have signed the bond would be to permit the performance of a jurisdictional requirement after the expiration of the time permitted by law.

Did the court err in so holding?

By §10383, GC, it is provided that:

"Within ten days from the time a justice renders judgment, the party appealing therefrom must give a bond to the adverse party, though he need not sign it, with at least one sufficient surety to be approved by such justice," etc. This condition was not complied with either literally or substantially. The attorney in fact not having authority to sign the name of his principal to this bond, it was as though a bond had been filed, signed by the appellant alone. And as the power of attorney was attached to the bond, it must be assumed that the lack of authority to sign the bond was known from the beginning by all, and that, therefore, no surety was bound to respond to the judgment on appeal.

It is generally held in this state that substantial compliance with the requirement for a bond is jurisdictional and failure in that respect cannot be corrected by amendment after the expiration of the time within which the law requires the bond to be given.

State ex Wehrly, 14 Abs 353; Auditorium Realty Co. v Hussman, 14 Abs 727; Rich v Rupert, 12 Oh Ap 159.

The judgment is affirmed.

ROSS, PJ, concurs.