Hart, J.
 

 The question presented in this case is: Where one promoted to sergeant of police in a city was detailed to the detective bureau of such city for a number of years and, pursuant to an ordinance of the city, was paid a salary greater than that of lieutenant of police not so detailed, is a duty enjoined by law upon the director of public safety to appoint such sergeant as lieutenant of police when the city council eliminates such a differential in salary and provides, in effect, that no sergeant wherever detailed or stationed shall receive a salary greater than that of a lieutenant?
 

 Section 4S6-17&, General Code, provides, among ■other things, that “when a position above the rank of patrolman in the police department
 
 * * *
 
 is abolished .and the incumbent has been permanently appointed in accordance with the provisions of this act, he shall !be demoted to the next lower rank * *
 

 The relator contends that a “sergeant detailed to the detective bureau” constituted a distinct rank of. service and by virtue of the salary attached was a rank above that of lieutenant not so detailed, and that since, he was a “sergeant detailed to the detectivé bureau” and received a salary in excess of the salary -of a lieutenant not so detailed, when the position of “sergeant detailed to the detective bureau” was abolished by ordinance in 1942, he was automatically demoted to the next lower rank which he claims was that-of "lieutenant at a lower salary than he was receiving as sergeant detailed to the detective bureau. He claims that his-contention has legal support in that portion of Section 486-15u, General Code, which provides that “for the purpose of this section, an increase
 
 *334
 
 in the salary or other compensation of anyone holding a position in a police or fire department, beyond that fixed for the grade or rank in which such position is • classified, shall be deemed a promotion.”
 

 The respondents claim that the highest rank ever enjoyed by the relator was that of sergeant of police; that the grade or rank of lieutenant has always been next above that of sergeant and next below that of captain; that there never was a .grade or rank of “sergeant detailed to the detective bureau”; and that the relator gave recognition to this situation when he, as a sergeant, entered a competitive examination for promotion to the grade or rank of lieutenant in 1938 and again in 1946.
 

 The city ordinance, in 1937, when relator became a sergeant, provided for the composition of the police department and for 128 sergeants, “any of whom may be detailed to the detective bureau.” A companion salary-ordinance then in effect prescribed a differential in salary, greater than the norm, for any patrolman or officer of the rank of sergeant, lieutenant or captain, who might be so specially detailed. Clearly, in the passage of that ordinance, there was exhibited no intention or plan to create any additional grade or rank for any sergeant, lieutenant or captain, who might be detailed to the dectective bureau, even though there was additional salary provided in the case of such detail. When the detail to the detective bureau ■was withdrawn, as it could be at any time, these officials still remained within their respective grades nr ranks.
 

 i Clearly, the- relator was not promoted to a new rank when detailed to the detective bureau. Section 486-15u, General Code, dealing with civil service promotions, provides that “no position above the grade or rank of patrolman or regular fireman in the police or fire department shall be filled by original appointment”;
 
 *335
 
 and that “no position above the grade or rank of patrolman or regular fireman in a police or fire department shall be filled by any person
 
 unless he shall have first passed a competitive promotional
 
 examination.” (Italics supplied.) The relator does not claim that he was promoted to a grade or rank of “sergeant detailed to the detective bureau” by promotional examination, which was the only method of attaining a promotion. Not having been promoted to any rank or grade above sergeant, he could not be demoted to lieutenant as he claims.
 

 The respondents claim also that a writ of mandamus should be denied on the ground of laches, since the relator delayed his action three full years after his alleged cause of action accrued, during which time 37 sergeants were promoted to lieutenant as a result of competitive examinations and whose promotions would be adversely affected if a writ should be allowed in favor of the relator. Having found that relator has no clear legal right to the writ on other grounds, it will be unnecessary for the court to pass upon the issue of laches. 1
 

 The relator, not having shown any clear legal duty upon the part of respondents to grant his demand to be appointed a lieutenant in the police department, the writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Turner and Taft, JJ., concur.