Hart, J.
The question presented is whether a member of a police department, who while holding a civil service rank of patrolman is assigned, pursuant to a city ordinance, to a special detail by the chief of police at a higher salary than that of patrolman, from which higher salary correspondingly increased payments to the police pension fund are withhheld, is upon retirement while on such detail entitled to a pension based upon his increased compensation, even though such special detail is not a position or rank higher than that of patrolman under the civil service laws of the state.
It is clear that under the civil service laws of the state, the relator at the time of his retirement held the rank of patrolman. He could not have been promoted to a higher rank without taking and passing the necessary promotional examination, which he did not do. However, pursuant to the provisions of a city ordinance of the city of Lakewood, the Chief of Police, upon approval of the Director of Public Safety, was authorized to detail not to exceed six patrolmen as detectives, receiving while so detailed a salary of $4,630 each per annum. The relator was so appointed and enjoyed this status when he chose to retire and receive a pension.
*240 Respondents make no attack on the validity of this ordinance. Clearly, if relator’s salary as a patrolman had been increased to the sum received by him no question could arise as to the basis of his pension on retirement. If the ordinance was valid, his assignment to a “special detail” as a patrolman for which he was paid the sum of $4,630 per annum as salary was authorized. It is difficult to understand why, if relator was legally entitled to the increased salary, his pension could not and should not be based upon the increased salary, especially when he had over the years, at the instance of the public authorities, paid into the pension fund installments based upon such increased salary.
This court, in the case of State, ex rel. Casey, v. Cull et al., Civil Service Commission, 151 Ohio St., 331, 86 N. E. (2d), 8, held the adoption of a similar ordinance to be a valid exercise of the police power and that an increase of salary of a police sergeant for detailed service did not change his status so far as grade or rank under civil service laws was concerned.
In the instant case, the relator received, under such an ordinance, his increased salary as a patrolman detailed as a detective and could claim a pension accordingly. The pension right of the relator had accrued at the time of his retirement and the board could not, by resolution of that date, change it so as to base relator’s pension upon a salary of a patrolman serving as such.
The relator is entitled to a writ of mandamus as prayed for.
The judgment of the Court of Appeals is reversed and the cause is remanded to that court with instructions to issue the writ prayed for.

Judgment reversed.

Middleton, Zimmerman, Stewart and Lamnbck, JJ., concur.