Per Curiam.

In view of onr conclusions, we do not deem it necessary to consider whether relator should have sought the relief which he seeks by legal proceedings other than those instituted in this court. It may be observed, however, that relator’s reluctance to rely in this action on the provisions of Sections 143.26 and 143.27 and the proviso at the end of the second paragraph of Section 5119.491, Revised Code, probably was induced by his desire to avoid the consequences of the law as announced by our decisions in State, ex rel. Harris, Chief of Police, v. Haynes, Mayor, 157 Ohio St., 214, 105 N. E. (2d), 53, and State, ex rel. Sidell, v. Cole, Dir., 147 Ohio St., 203, 70 N. E. (2d), 451. See Sections 119.01 (A), (D), (E) and (H), 119.12-and 143.07 (F), Revised Code. Relator’s contentions in this court are substantially different from those made in his letter of November 7 to the commission. Thus, he states in his brief in this court:
“* * * Section 143.07 (F) * * * must be taken to be in pan materia with the other sections of the civil service law, and to permit appeals only in such cases where the removal is a violation of the civil service law itself. The petition herein alleges a violation not of the civil service law as such, but of Section 5119.07 # * *.
“It is true that out of an abundance of caution, relator did write to the Civil Service Commission of Ohio, and his letter is attached as exhibit A to the petition * *
Relator’s brief apparently contends that the first sentence of Section 143.26, Revised Code (a part of the section not quoted in the dissenting opinion), indicates that that section deals only with a “reduction in pay or position” because of discrimination “for religious or political reasons or affiliations”; and relator states in his brief that “there is no contention in this case that any such reasons motivated respondent Haines.”
The words of Section 5119.07, Revised Code, which are relied upon by relator, impose a mandatory duty upon the respondent director to reinstate relator “to the position in the classified service held by him immediately prior to his appoint *310 ment”asa division chief “or to another position * * * substantially equal to such position. ’ ’
However, the provisions of Section 5119.491, Revised Code, which were enacted at the same time, state that one “classified and designated a physician specialist under authority of” that section, which relator would be if he got the relief he seeks, “may be assigned to a different physician specialist classification upon order of the director.” In order to prevail, relator must contend that the classification, physician-specialist V - $20,000, which he seeks, is a different classification from physician-specialist V - $17,000, which he has been given. If it is, a question upon which we deem it unnecessary to express any opinion (but see State, ex rel. Casey, v. Cull et al., Civil Service Commission, 151 Ohio St., 331, 86 N. E. [2d], 8), then, under the words of Section 5119.491, even if relator were given the relief he seeks, he could be immediately assigned to the position he has already been given and the Civil Service Commission “shall be governed by” the respondent director’s certification of that “ reclassification.”
Obviously, it would be absurd for this court to give to relator the extraordinary remedy of mandamus to provide him with an increase in the salary for his position, which salary increase could immediately be lawfully taken from him.

Demurrer sustained.

Weygandt, C. J., Zimmerman, Stewart, Taet and Matthias, JJ., concur.
Bell and Herbert, JJ., dissent.