258

THE STATE, EX REL. HANTON ET AL., APPELLANTS, *v.* CITY OF
CLEVELAND ET AL., APPELLEES.

(No. 39844—Decided June 15, 1966.)

*Messrs. Burgess, Fullmer, Parker & Steck* and *Mr. Otto
Miller III,* for appellants.
*Mr. Bronis J. Klementowicz,* director of law, and *Mr.
William T. McKnight,* for appellees.

*Per Curiam.* The Charter of the city of Cleveland places
in the classified civil service all civil servants except those
specifically described in the charter as being in the unclassified
service. The Chief of Police is the only regular member of the
Police Department of the city of Cleveland who is included by
the charter in the unclassified service.

Long after the enactment of the Charter of the city of
Cleveland, the Legislature of the state of Ohio enacted Section
143.361, Revised Code, which provides:

"In any city with a population of seven hundred thousand
or more as shown by the last federal census, which by action
of the legislative authority establishes within the police de-
partment a unit assigned to the control of traffic, a member
of the police department of said city who is appointed the
head of such unit by whatever title designated, shall not be sub-

ject to competitive examination, notwithstanding Section 143.34 of the Revised Code. The status within the uniform ranks of such member while serving as the head of such traffic unit shall remain unchanged and notwithstanding the compensation fixed for such position, he shall not acquire any right to promotion other than such rights to promotion which apply to the rank held at the time of appointment as head of such traffic control unit.''

This section became effective on September 4, 1957. Apparently acting pursuant to the authority of Section 143.361, Revised Code, the city of Cleveland enacted codified ordinance Sections 1.3502 and 1.350201. These sections provided for the appointment of a member of the division of police as Commissioner of Traffic Control without competitive examination and fixed the salary of the position in an amount in excess of the top limits of the salary of a lieutenant of police. Subsequently, Sam C. Skerotes, a lieutenant of police, was appointed Commissioner of Traffic Control. This appointment was not made from an eligible list resulting from a competitive examination.

The appellants, members of the Cleveland Police Department now on eligible lists for promotion to lieutenant and sergeant, argue that a vacancy exists in the rank of lieutenant by reason of Skerotes' appointment to a position the salary of which exceeds salary limits fixed for the grade of lieutenant, and that a writ of mandamus should issue directing the appointment of one of their number to the new vacancy. The appellants point to Section 133, Chapter 27 of the Charter of the city of Cleveland, which provides:

''Any * * * increase in salary beyond the limits fixed for the grade shall constitute a promotion. Lists shall be created and promotions made therefrom of candidates in the same manner as in original appointments * * * and the appointing authority shall appoint from the eligible list.'' They argue that the holdings of this court in *Reed* v. *City of Youngstown*, 173 Ohio St. 265, and *State, ex rel. Canada,* v. *Phillips, Dir.*, 168 Ohio St. 191, make the provisions of Cleveland city codified ordinance No. 1.350201 ineffective to the extent that they attempt to add the Commissioner of Traffic Control to the list of unclassified members of the city police department in violation

260

of the Cleveland charter. They argue further that the charter provisions are for the same reason unaffected by Section 143.-361, Revised Code. With all of these arguments we agree.

Since we agree that under *Reed* v. *City of Youngstown, supra,* and *State, ex rel. Canada,* v. *Phillips, Dir., supra,* neither the ordinance nor the statute can affect the quoted charter language, it becomes unnecessary to decide whether Section 143.361, Revised Code, contains a classification which is valid under Section 26, Article II of the Constitution of Ohio, and under this court's holding in *State, ex rel. Newell,* v. *Brown, Secy. of State,* 162 Ohio St. 147.

Only the language of the charter is then material to our inquiry as to whether under the stated facts a promotion occurred and a vacancy resulted which must now be filled. Under the quoted language, does a raise in salary, standing alone, constitute a promotion for the purpose of creating a vacancy or does the remainder of the quoted charter language require that a promotion in order to be valid *and* to create a vacancy must both be from an eligible list created by competitive examination and result in an increase in salary?

Language almost identical to the language in the charter existed in Section 486-15a, General Code (now Section 143.34, Revised Code), and was discussed in an opinion by Hart, J., in *State, ex rel. Casey,* v. *Cull et al., Civil Service Comm.,* 151 Ohio St. 331.

Section 486-15a, General Code, provided that, "for the purpose of this section, an increase in the salary or other compensation of anyone holding a position in a police or fire department, beyond that fixed for the grade or rank in which such position is classified, shall be deemed a promotion," but this court, noting other language in that same section which required that "no position above the grade or rank of patrolman or regular fireman in the police or fire department * * * shall be filled by any person *unless* he shall have first passed a competitive promotional examination" (italics added), concluded that there could be no promotion unless both mandatory provisions were complied with and denied the writ.

The provision concerning salary seems to have been included in the Cleveland charter and in the state statute to

eliminate disputes as to the rank of a position. See *State, ex rel. Wolcott,* v. *Celebrezze, Dir.,* 141 Ohio St. 627.

Since Skerotes' salary as Commissioner of Traffic Control exceeds the limits fixed for the grade which he holds as his permanent civil service rank as lieutenant of police, he could not be promoted to the new rank except from an eligible list. Hence, no vacancy exists and the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.