Weygandt, C. J.
 

 The first contention of the respondents is that under the facts alleged the relators have a plain and adequate remedy in the ordinary course of law by appeal to the Court of Common Pleas from the decision of the civil service commission and therefore are not entitled to the unusual relief of a writ of mandamus.
 

 Section 12287, General Code, contains the following prohibition with reference to a writ of mandamus:
 

 “The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. ’ ’
 

 The respondents rely upon the provisions of Section 486-17a, which read in part as follows: ,
 

 
 *205
 

 i i
 
 * * * provi¿ied, however, that in the ease of the removal of * * * any member of the police or fire departments of a municipality an appeal may he had from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission.”
 

 It is urged that if the relators are dissatisfied with the decision of the civil service commission sustaining their removal from their temporary positions, they are provided with an adequate remedy in the form of a further appeal to the Court of Common Pleas. To this contention the relators reply, first, that an appeal from the civil service commission to the Court of Common Pleas is available only in the event of a
 
 removal
 
 as distinguished from a
 
 reduction
 
 in rank, and, second, that even though an appeal may he had in case of a reduction in rank, such an appeal is limited to a reduction resulting from misconduct, misfeasance or malfeasance in office, as set forth in Section 486-17a, General Code. The relators insist that this view is sustained by the decision of this court in the case of
 
 Curtis, Safety Dir.,
 
 v.
 
 State, ex rel. Morgan,
 
 108 Ohio St., 292, 140 N. E., 522, in which it was held that no appeal lies from the action of the appointing authority except in cases of removal on the grounds set forth in Section
 
 486-17a,
 
 General Code.
 

 One difficulty confronting the relators is the fact that since that decision Sections 486-17. (118 Ohio Laws, 216) and
 
 486-17a
 
 (114 Ohio Laws, 224), General Code, have been amended, and Section 486-175 (120 Ohio Laws, 17) has been added and amended.
 

 The new language in amended Section 486-17 reads in part as follows:
 

 “No * * * member of a * * * fire department shall
 
 *206
 
 be reduced in rank, laid off, or suspended, except as provided in Sections 486-17® and 486-17& of the General Code * * *.”
 

 Previous to this amendment this statute contained no reference to either Section 486-17® or Section 486-17A and no specific reference to firemen was made. Nor did the statute then provide for a hearing by the civil service commission. Now it is required in express terms that “in case the order applies to * *
 
 *
 
 any member of police or fire departments of a municipality, the commission shall conduct a hearing following the filing of the order and explanation, to determine the sufficiency of the cause of the order.”
 

 If, as now provided, “no * * * member of a
 
 * *
 
 * fire department shall be reduced in rank
 
 *
 
 * * except as provided in sections 486-17® and 486-17& of the General Code,” it manifestly would seem that in that event he must be accorded the right to an appeal from the civil service commission to the Court of Common Pleas.
 

 But the relators insist that such an appeal is limited to the ease of a reduction in rank resulting from misconduct, misfeasance or malfeasance in office, as set forth in Section 486-17®, General Code. The respondents rely upon the decision of this court in the case of
 
 Gannon
 
 v.
 
 Gallagher, Dir.,
 
 145 Ohio St., 170, 60 N. E. (2d), 666, in which it was held that a demoted policeman was not entitled to resort to the remedy of a writ of mandamus to obtain relief. The relators assert that in that case the policeman was reduced in rank for causes set forth in Section 486-17®, General Code. However, this is not disclosed, and no distinction was. made between reductions for reasons provided in Section 486-17® and those contemplated by Section 486-17& in the language “for causes other than those outlined in Section 486-17® of the General Code.” Such a distinction is not warranted by the present provisions of these sections.
 

 
 *207
 
 Under the circumstances the relators had the right to appeal to the Court of Common Pleas from the decision of the civil service commission, and hence they may not now resort to the extraordinary remedy of a writ of mandamus as a substitute therefor. The demurrer to the petition must be sustained and the writ, denied.
 

 Writ denied.'
 

 Bell, Williams, • Turner, Matthias and Hast, JJ., concur.
 

 Zimmerman, J., not participating.