Taft, J.
The relator contends that, because his 15-day suspension in January was void, he did not have the full three-month probationary period provided for by Section 486-13, General Code, and therefore could not be dismissed from office as chief of police except pursuant to Sections 486-17 and 486-17a, General Code.
He contends further that, if it should be held that he did have an opportunity to serve his full three-month probationary period, then the end of that probationary period was February 5 and thereafter the mayor could not dismiss him as chief of police, as he endeavored to do on February 7, without following the procedure provided for in Sections 486-17 and 486-17a, General Code.
As we view the law applicable to this case, it is not necessary for this court to determine whether the efforts made by Mayor Haynes to suspend relator in January for 15 days,did or did not represent a void suspension. Likewise, we do not believe it is neces *219 sary to determine whether, as contended by relator, the three-month probationary period was only 90 days and not the 93 days included in the period of three months running from and including November 9, 1950, to and not including February 8, 1951.
Section 486-13, General Code, provides so far as material in this case:
“All original and promotional appointments shall be for a probationary period of not to exceed three months to be fixed by the rules of the commission, and no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the appointing officer shall transmit to the commission a record of the employee’s service, and if such service is unsatisfactory, the employee may, ivith the approval of the commission, be removed or reduced without restriction; but dismissal or reduction may be made during such period as is provided for in Sections 486-17 and 486-17a of the General Code.” (Emphasis supplied.)
Section 486-17, General Code, provides so far as material in this case:
“* * * No chief of police or chief of a fire department or any member of a police or fire department shall be reduced in rank, laid off, or suspended, except as provided in Sections 486-17a and 486-17b of the General Code with reference to the removal of any officer, employee or subordinate in the classified service of the state, counties, cities and city school districts.” (Emphasis supplied.)
Section 486-17a, General Code, provides so far as material in this case:
“In all cases of removal the appointing authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons for the *220 same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee or subordinate shall be filed with the commission. Any such employee or subordinate so removed may appeal from the decision of order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission’s decision shall be final-, provided, however, that in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from the decision of the.municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission.” (Emphasis supplied.)
Much reliance is placed by relator upon State, ex rel. Brittain, v. Board of Agriculture, 95 Ohio St., 276, 116 N. E., 459. It is sufficient to state that in his letter of February 7 Mayor Haynes did state what purport to be reasons for his order of removal while “no reason whatever” was stated in the order of removal in the Brittain case.
In the instant case, the mayor furnished Harris a .copy of what purports to be an “order of removal and his reasons for the same” when he gave him a copy of the letter of February 7. Thereafter, Harris promptly appealed to the commission from that order *221 by filing his motions with the commission. When the commission rendered its order of February 15, it certainly rendered a decision which appeared upon its face to be final so far as it affirmed the judgment of the mayor in terminating the services of Harris as chief of police. Thereafter, if, as relator contends, the provisions of Sections 486-17 and 486-17a, General Code, were applicable, those statutes certainly gave Harris a right of appeal from that decision of the commission to the Court of Common Pleas. In re Fortune, 138 Ohio St., 385, 35 N. E. (2d), 442. In our opinion, the remedy made available to him by that statute was an adequate remedy. See State, ex rel. Sidell, v. Cole, Dir., 147 Ohio St., 203, 206, 70 N. E. (2d), 451. Having had such a remedy, whether he exercised it or not, Harris cannot now have the extraordinary remedy of mandamus in this court to secure the same rights which he could have secured by appeal to the Common Pleas Court. See State, ex rel. Bassichis, v. Zangerle, Aud., 126 Ohio St., 118, 184 N. E., 289; State, ex rel. Blackburn, v. Court of Appeals, 154 Ohio St., 464, 96 N. E. (2d), 297.
However, relator argues that the February decision of the commission overruled relator’s motion for a hearing to test the February 7 action of Mayor Haynes, and that, therefore, there was nothing from which relator could have appealed to the Common Pleas Court. In support of this argument, relator contends that “the ‘decision’ of the commission only becomes an appealable final order when that ‘decision’ was the one contemplated by exact words of the statute, i. e., that decision after the commission ‘shall hear’ or have a ‘trial’ board hear the removal question,” and that a necessary step in the procedure of the commission is notification to “the appointing authority that it is going to have a hearing. ’ ’ As relator recognizes, this *222 amounts to an argument that the Common Pleas Court upon appeal cannot review legal questions “such as denial of a hearing by the commission.” In support of this, relator relies on the provision of Section 486-17a, General Code, that the “appeal * * * to the Court of Common Pleas” is “to determine the sufficiency of the cause of removal.” We are of the opinion that the words of the statute do not justify any such narrow scope being given to the court appeal therein provided for. See State, ex rel., v. Cole, supra, 206, and Gannon v. Gallagher, Dir., 145 Ohio St., 170, 60 N. E. (2d), 666. But compare Hawkins v. City of Steubenville, 134 Ohio St., 468, 17 N. E. (2d), 641; Kearns v. Sherrill, City Mgr., 137 Ohio St., 468, 30 N. E. (2d), 805. For example, if the commission refused to give relator a hearing, to which he was entitled under the statute, we believe that the Common Pleas Court could have determined that there was no sufficient cause of removal. Certainly, there is no sufficient cause of removal where an employee, entitled to appeal from an order of removal under Section 486-17a, General Code, has appealed and fully complied with the statutory requirements for such appeal but has been denied a hearing by the commission on such appeal.
Relator argues further that even if the order of removal or reduction was made at the end of his probationary period and so was governed by Section 486-13, General Code, the actions of Mayor Haynes and the civil service commission “were in bad faith, frivolous, abuses of discretion and wholly void as in conflict with Article XV, Section 10 of the Ohio Constitution, and the statutes which implement it.”
As appears from its words, the constitutional provision referred to is not self-executing.
As the above-quoted provisions from Section 486-13, General Code, indicate, “if such service [during the probationary period of three months] is unsatis *223 factory, the employee may, with the approval of the commission, be removed or reduced without restriction.” Obviously, it is contemplated that, in the first instance, the party to determine whether or not “the appointee has satisfactorily served his probationary period” is “the appointing officer.” The only review of that determination provided for is “the approval of the commission.” No provision is made for an appeal from the decision of the commission.
In our opinion, the use of the words “without restriction” in Section 486-13, General Code, indicates that the appointing authority is to have the right to remove his appointee at the end of the probationary period of three months, subject only to the approval of the civil service commission. The General Assembly has provided for the foregoing right of removal in the appointing officer and has guarded against its abuse only by requiring approval of the civil service commission. State, ex rel. Artman, v. McDonough, Dir., 132 Ohio St., 47, 4 N. E. (2d), 982. In so providing, the General Assembly apparently determined that the only other checks on an abuse of that right should be public opinion and subsequent disciplinary action, which the voters might take in refusing to return to office anyone whom they held responsible for such abuse.
The only question remaining is whether relator is entitled to the extraordinary writ of mandamus to compel the city to pay him the salary which he claims to be due him for the 15-day period during which Mayor Haynes endeavored to suspend him in January.
It is not necessary for us to consider whether his claim in this respect is valid or not. If it is valid, it can be asserted in an action at law against the city of Newark. See City of Cleveland v. Luttner, 92 Ohio St., 493, 111 N. E., 280, relied upon by relator. Here again it appears that relator has an adequate remedy *224 at law and is, therefore, not entitled to the extraordinary writ of mandamus to enforce any rights in this respect that he may have. State, ex rel. Curtis, v. DeCorps, 134 Ohio St., 295, 300, 16 N. E. (2d), 459; State, ex rel. White, v. City of Cleveland, 132 Ohio St., 111, 5 N. E. (2d), 331.

Writ denied.

Weygandt, C. J., Zimmerman, Stewart, Middleton and Matthias, JJ., concur.
Hart, J., not participating.