In re Locke.

[Cite as In re Locke (1972), 33 Ohio App. 2d 177.]

(No. 366—Decided December 15, 1972.)

*Messrs. Lavelle & Yanity, Mr. Charles David Frey* and *Mr. Roger F. Redmond,* for appellant.

*Mr. Leigh M. Fisher* and *Mr. James R. Addison, Jr.,* for appellee.

STEPHENSON, J. William D. Locke, appellant herein, held the position of chief of police of the city of Belpre, a municipal corporation, located in Washington County, Ohio. Appellant was suspended and discharged from his position by the mayor of such city on June 16, 1971, for disciplinary reasons.

Thereafter, appellant perfected an appeal pursuant to R. C. 143.27 to the Belpre municipal civil service commission which conducted a hearing, and on September 2, 1971, affirmed the order of discharge.

Thereupon, appellant filed with the commission, on September 24, 1971, a notice of appeal to the Court of Common Pleas of Washington County. The notice provided in part:

"* * * this appeal being taken by authority of Ohio Revised Code Section 143.27 and Chapter 2506."

On October 14, 1971, the city of Belpre filed a motion to require appellant to post additional security for his appeal. The motion alleged that only $40 security for costs had been posted by appellant. On November 24, 1971, the trial court entered the following order:

"This day this cause came on to be heard on the motion of appellee filed herein on October 14, 1971, and the pre-trial conference established by the Assignment Commissioner on November 8, 1971, for this date and each of the parties were in court represented by counsel.

"The Court finds that this appeal shall be considered as follows:

"1. Pursuant to Ohio Revised Code Section 2506.03 this cause shall be heard solely upon the transcript.

"2. Neither side shall be permitted to offer additional evidence.

"3. The Court shall consider the transcript, determining what is proper evidence and will advise counsel when he has completed his study. It will then be decided whether oral argument or brief, or either, shall be appropriate.

"4. That an appeal bond is appropriate in the amount of $1,000.00 and said appeal bond shall be satisfied upon the personal recognizance and signature of appellant, William D. Locke."

On February 7, 1972, the common pleas court entered a judgment of affirmance which provided in part:

"The Court finds that the Order of the Belpre Municipal Civil Service Commission is neither unconstitutional, illegal, arbitrary, capricious, or unreasonable, and is supported by the preponderance of substantial, reliable and probative evidence on the whole record."

An appeal was then taken to this court and the following errors assigned:

"I. The Belpre Municipal Civil Service Commission failed to comply with its own promulgated and adopted rules in conducting the hearing of appellant's appeal, and the trial court committed prejudicial error in denying appellant opportunity to demonstrate the same in the trial court.

"II. The Court committed prejudicial error when it refused to grant appellant a *de novo* hearing solely upon the submitted transcript.

"III. The order of the Belpre Municipal Civil Service Commission is unconstitutional, illegal, arbitrary, capricious, unreasonable and is not supported by the preponderance of the substantial, reliable and probative evidence on the whole record, and the trial court, in not considering the submitted transcript *de novo*, committed prejudicial error in not so finding.

"IV. Other errors apparent upon the face of the record."

A disposition of this appeal requires an initial determination of what review rights were available to appellant from the order of the civil service commission affirming the discharge order of the mayor, coupled with a determination of whether this appeal was properly perfected within such available appeal rights.

We consider first the appeal rights granted by R. C. 143.27. It is evident that the General Assembly intended by this statute to accord to the chiefs and members of city police and fire departments appeal rights different and apart from those in other positions of Ohio's classified civil service. The development of the legislative history of this and its predecessor statutes reflecting such

special treatment through 1955 is set forth in *Cupps* v. *Toledo,* 170 Ohio St. 144. This special treatment was continued by the enactment of the present provisions in 1965 as to appeal rights from a suspension for any period of time, as opposed to the five day provision for other classified employees, and an extension of the period for appeal to a court to thirty days. (131 Ohio Laws 128.)

The present law and fact provision was enacted in 1955 (126 Ohio Laws 91) in an apparent response to holdings of the Ohio Supreme Court that the prior statute providing an appeal "to determine the sufficiency of the cause of removal" did not grant a *de novo* hearing in the common pleas court. See *Cupps* v. *Toledo, supra* and *In re Koellner,* 160 Ohio St. 504. The present law and fact provision has been construed to grant a *de novo* trial upon an appeal pursuant to R. C. 143.27, and the burden of proof, by a preponderance of the evidence upon the charges, is upon the appointing authority. *Cupps* v. *Toledo, supra.*

Thus, while the kind of trial to which the employee is entitled is settled, the mechanics and procedures as to bringing up the proceedings below and presenting the evidence in the common pleas court to implement this right is not as readily apparent. R. C. 143.27 does not, under the present law and fact provision, nor did it under the prior appeal provision, set forth a procedure to implement this appeal right.

We have concluded that the General Assembly intended the provisions of chapter 2505, known as the Appellate Procedure Act, to apply where applicable and that R. C. 143.27 and the provisions of R. C. chapter 2505, where applicable, are in *pari materia. Kearns* v. *Sherrill,* 63 Ohio App. 533. See, also, *In re Reduction of Rank,* 51 Ohio Law Abs. 105; *Fugate* v. *Columbus,* 4 Ohio App. 2d 147.

R. C. 2505.03 provides, in part:

"Every final order, judgment, or decree of a court and, when provided by law, *the final order of any administrative officer, tribunal, or commission* may be reviewed as provided in sections 2505.04 to 2505.45, inclusive, of the Revised Code, unless otherwise provided by law, except * * *." (Emphasis added.)

Law and fact appeals from agency adjudications are clearly encompassed in chapter 2505. R. C. 2505.23 provides, in part:

"Appeals on questions of law and fact may be taken from any court, *tribunal, commission, or officer* to any court of record as may be provided by law." (Emphasis added.)

Further illustrating its applicability is R. C. 2505.04, which provides, in part:

"An appeal is perfected when written notice of appeal is filed with the lower court, *tribunal, officer or commission.*" (Emphasis added.)

The conclusion that chapter 2505 is applicable presents two initial questions as to appellant's right to a law and fact appeal. The first is that R. C. 2505.05 requires the notice of appeal to designate whether the appeal is on law or law and fact. Appellant's notice did not so designate. However, since R. C. 143.27 was designated, and only a law and fact appeal is therein provided, it is, at most, a technical defect. Under the statute, such lack of designation is not jurisdictional and is subject to amendment.

A more serious question is the requirement of R. C. 2505.06 that an appeal bond superseding the judgment be filed within the time for filing the notice of appeal before an appeal is effective on questions of law and fact. Did the General Assembly intend such bond to be required under an R. C. 143.27 appeal? Such a bond was held, in the *Sidell case, supra,* to be necessary under G. C. 486-17a for an effective law and fact appeal that was viewed to exist under the form of the statute prior to 1955, which view was subsequently rejected by the Supreme Court. See, also, *Jones* v. *Garek,* 73 Ohio Law Abs. 38.

We deem it unnecessary to decide if such a bond is required in an R. C. 143.27 law and fact appeal upon the record in this appeal. The filing of a notice of appeal is the only jurisdictional step in perfecting a law and fact appeal. R. C. 2505.04. The filing of the appeal bond, therefore, is not jurisdictional. It is only when the right to proceed on law and fact is challenged that the court is required to determine whether it may so proceed. *Bauer* v. *Grinstead,* 142 Ohio St. 56. No motion to dismiss the appeal on law

and fact was entered at any stage in the common pleas court. Instead of attacking the appealability on law and fact, appellee filed a motion to require that security be furnished to protect appellee with respect to costs. The trial court granted the motion and ordered an "appeal bond" posted by appellant, which was done. In light of this, we conclude that appellee waived any right to question appealability on law and fact by reason of the lack of an appeal bond. 3 Ohio Jurisprudence 2d 585, Appellate Review, Sections 638 and 639.

No complaint is made in this appeal as to the filing in the common pleas court of the original papers and transcription of the evidence before the commission. It is necessary to determine, however, if statutory authorization exists for such filing by reason of the limitation under R. C. 2505.21 to a *de novo* hearing upon the record unless the court exercises its discretion to allow additional testimony.

May resort be made to the specific provisions as to the bringing up of the record, including the evidence, of either R. C. Chapter 119 (Administrative Procedure Act) or R. C. Chapter 2506 (appeals from administrative agencies of political subdivisions)? We answer in the negative.

R. C. 143.27 does make specific reference to the procedures in R. C. 119.12. However, such reference is to the necessary procedures in an appeal to the common pleas court of the county in which the employee resides, in disciplinary removal or reductions from affirmances by the state board of personnel review or the municipal civil service commission. The grant of a law and fact appeal to police and fire employees of cities, in succeeding paragraphs, provides a type of review wherein the procedures in R. C. 119.12, as to the presentation of additional evidence and the type of review; *i. e.*, "hybrid" between law and fact (*Andrews* v. *Board of Liquor Control*, 164 Ohio St. 275) are obviously inapplicable. In our view, the reference to R. C. 119.12 is applicable to all classified service employees *except* police and fire employees.

Neither are we persuaded that the provisions of R. C. chapter 2506, specifically R. C. 2506.02 may be utilized. The late Judge Lee E. Skeel, in his treatise Ohio Appellate Law

(1969), appears to adopt the view that R. C. 2506.02 may be utilized in an appeal pursuant to R. C. 143.27 by a member of a police or fire department. See discussion under Note, page 5. Why this is so is not readily apparent. Chapter 2506 was adopted in 1957. 127 Ohio Laws 963. The law and fact appeal was in existence since 1955. If reliance on chapter 2506 is necessary, what procedure was legislatively intended during the interim? R. C. 2506.01 specifically provides that appeals under that chapter "is in addition to any other remedy of appeal provided by law." No mention is made in chapter 2506 of appeals pursuant to R. C. 143.27 or any other court appeals allowed from agencies and, thus, by our view, controls only the procedure for adjudications under that chapter. We are unable to perceive any legislative intent to superimpose the procedures of chapter 2506 on existing appeals from agency adjudications.

We have concluded that the General Assembly intended the applicability of the provisions of R. C. 2505.08, which states, in the part here pertinent:

"Within ten days after filing a notice of appeal * * * the clerk of the court from which the appeal is taken or a judge thereof, shall * * * prepare and file in the court to which the appeal is taken, a transcript of the docket or journal entries, with such original papers or transcripts as are necessary to exhibit the error complained of. The transcript of the testimony or bill of exceptions or so much thereof as may be necessary for said appeal may be filed within such time as is provided for in the rules of court."

This conclusion is premised upon the view that it is reasonable to assume the General Assembly intended that the right of *de novo* review be meaningfully implemented and, in the absence of specific procedure, that existing appellate procedure be utilized. Having concluded that R. C. chapter 2505 applies to such appeal, it appears logical to us that, even though a specific reference is not made to a "commission" or other agency in R. C. 2505.08, it was intended that the clerk, secretary, or similar officer of the commission perform the functions devolving upon a clerk of the trial court under the statute.

A more difficult question is presented with respect to the matter of evidence in the common pleas court. The precise question is whether a transcript of the testimony before the civil service commission may or must be utilized by the common pleas court or whether a representation of the evidence is required. Judge Skeel, in his work earlier referred to, appears to adopt the view that, with respect to a transcript of the evidence, R. C. 2505.08 and R. C. 2505.21 are inapplicable to an R. C. 143.27 law and fact appeal apparently on the basis that no reference is made to agencies therein. He appears, also, to view R. C. 2506.02 as being applicable to bring up the transcript as defined in that section. However, based upon the historical development of the law and fact appeal right, he concludes that the R. C. 2506.03 provision confining the court to the written testimony, subject to certain exceptions, is inapplicable, and that the testimony in the common pleas court must be presented by agreement or, absent an agreement, the evidence represented. See Note at page 5.

With all due respect to the eminence of Judge Skeel in the area of appellate procedure, we are not in accord with the above conclusions. First, for the reasons previously given, we do not view the appeal provisions under R. C. 143.27 as being in *pari materia* with appeal provisions in R. C. chapter 2506. Secondly, it appears that a municipal civil service commission is required to provide a method of transcription of the testimony before it. R. C. 143.30 provides, in substance, that the commission shall exercise such powers and have such duties as are conferred upon the state board of personnel review. R. C. 143.012 requires the state board to promulgate rules in accordance with the provisions of R. C. sections 119.01 to 119.13 relating to the procedure of the board in administering the law that is its duty to administer. R. C. 119.09 requires the state board to provide a stenographic record of the testimony when an adjudication hearing may be appealed.

Additionally, the General Assembly must have intended a written record of the evidence before the commission since reference is made in the fourth paragraph of R. C. 143.27 to appeals from disciplinary removals and

reductions to the common pleas court of the county in which the employee resides "in accordance with the procedure provided by Section 119.12 of the Revised Code." Such procedure requires the agency to furnish a stenographic report of the testimony upon request and payment of the costs.

Having concluded that R. C. 2505.08 provides the procedure as to a transcript of the docket, entries, etc., we conclude R. C. 2505.08 also authorizes a filing in the common pleas court of a transcript of testimony in an R. C. 143.27 law and fact appeal and sets the time. It states: "The transcript of the testimony or bill of exceptions * * * may be filed within such time as is provided for in the rules of court." The historical purpose of this provision was to provide a time for the filing of the transcript of evidence in *the reviewing court. Tenesy v. Cleveland*, 133 Ohio St. 251. In appeals, however, from one court to another there was an initial duty required by statutes outside chapter 2505 to timely comply with a required filing in the trial court before the transcript of evidence or bill of exceptions could be considered. There is no statutory duty, however, for an initial filing with the commission. Inasmuch as authority is given to the court to provide the time for the filing of a transcript of testimony, absent a rule, the court could authorize the time by order.

Concluding that the civil service commission is required to furnish a stenographic report of the testimony, and that there exists a provision for filing the same in the common pleas court, the next question is the applicability of R. C. 2505.21, which provides, in the part here pertinent, the following:

"An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts *de novo* which shall be upon the same or amended pleadings. The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court."

Having determined the applicability of chapter 2505, generally, we can observe no good reason why R. C. 2505.-21 would be inapplicable to such an appeal. We recognize the prompt response by the General Assembly to the interpretation of the Ohio Supreme Court that a *de novo* hearing was precluded and this is indicative that, by the law and fact amendment, a *de novo* hearing was clearly legislatively intended. We find nothing, however, in the statutes to indicate that a law and fact review was intended which is different from that otherwise provided under Ohio law. The law and fact provision of R. C. 143.27 was adopted and became effective on August 16, 1955. 126 Ohio Laws 91. The amendment to R. C. 2505.21, providing for the utilization of the transcript, was adopted and became effective on October 4, 1955. The transcript provision having been adopted in the same session of the General Assembly, but later than the law and fact provision, with no exception in the statute, persuades us that the General Assembly intended it to apply to an R. C. 143.27 appeal. We reach our conclusion recognizing that in *Cupps* v. *Toledo, supra*, the evidence was represented. There is nothing indicating, however, that the question here considered was raised in that court or in the Ohio Supreme Court upon appeal from that court. See *Cupps* v. *Toledo, supra*. Judge Mathias has stated in light of the amendment of R. C. 2505.21: "* * * it should also be pointed out that the trial *de novo* as it previously existed no longer prevails in Ohio." *Humphrys* v. *Putnam*, 172 Ohio St. 456, 458.

A review upon the record of the proceedings below does not do violence to the concept of a *de novo* review. The first paragraph of the syllabus in *Lincoln Properties, Inc.*, v. *Goldslager*, 18 Ohio St. 2d 154, provides:

"A trial *de novo* is an independent judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal."

We conclude from the above that the appeal herein was properly perfected under R. C. 143.27.

Does there exist, also, an appeal pursuant to R. C.

chapter 2506 under which appellant states he is proceeding in his notice of appeal, in addition to R. C. 143.27? We conclude such an appeal, if timely taken, was, also, available to appellant.

R. C. 2506.01 uses broad language wherein it states:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court * * *."

The Ohio Supreme Court has held a municipal civil service commission is a "commission" as that word is used in R. C. 2506.01, *State, ex rel. Steyer*, v. *Szabo*, 174 Ohio St. 109; *State, ex rel. Fagain*, v. *Stork*, 174 Ohio St. 330.

No decision has been found, however, where an appeal by a chief or member of a police or fire department of a city was found proper under such chapter. This raises the question, especially in light of the preferred legislative treatment of such employees, whether the appeal for such employees in R. C. 143.27 is exclusive. Such a conclusion is negated by the further provisions in R. C. 2506.01 that "The appeal provided in Sections 2506.01 to 2506.04, inclusive, of the Revised Code, *is in addition to any other remedy of appeal provided by law.*" (Emphasis added.)

Whether there exists a right to institute an appeal under *both* R. C. 143.27 and chapter 2506 with a corresponding right to elect upon which to proceed, we are not required to here decide. The reason we are not is that R. C. 2506.01 provides the review therein shall be "as provided in sections 2505.01 to 2505.45, inclusive of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive of the Revised Code." No provision exists as to the manner of perfecting an appeal under chapter 2506 or as to the time of filing the notice of appeal; see *Thomas* v. *Webber* 15 Ohio St. 2d 177, and *Lakewood Homes* v. *Bd. of Adjustment*, 25 Ohio App. 2d 125; hence, R. C. 2505.07 controls. Provision is made in R. C. 2505.07 as to the time for appeals from lower courts to the Supreme Court and Court of Appeals (appeals to the latter being now controlled by the appellate rules) and then provides: "All other appeals shall be perfected within ten days."

An examination of the record herein discloses that the commission's order was entered on September 2, 1971, and the notice of appeal filed on September 24, 1971. The jurisdiction of the common pleas court was not, therefore, invoked as to a chapter 2506 appeal.

It follows that the common pleas court erred in processing the appeal pursuant to the provisions of chapter 2506. Whether such error is prejudicial is dependent upon whether the determination in R. C. 2506.04, is, as appellee asserts, the equivalent of a *de novo* review to which appellant was entitled under his properly perfected R. C. 143.27 appeal.

R. C. 2506.04 provides:

"The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law pursuant to Sections 2505.01 to 2505.45, inclusive, of the Revised Code."

The scope of review under this statute does not appear to have been yet passed upon by the Ohio Supreme Court. Lower courts have concluded a *de novo* review is not available under the statute. *Chester Twp. Bd. of Trustees* v. *Kline*, 19 Ohio App. 2d 63; *Williamson* v. *Twp. Trustees*, 18 Ohio App. 2d 188; *In re Manning* v. *Straka*, 117 Ohio App. 55; *Fleischmann* v. *Medina Supply Co.*, 111 Ohio App. 449; *Broad-Miami Co.* v. *Board of Zoning Adjustment*, 89 Ohio Law Abs. 140.

In the *Broad-Miami Company* decision, Common Pleas Judge Robert Leach, later a justice of the Ohio Supreme Court, reasoned, in support of a conclusion that a *de novo* review was not intended, that a *de novo* review in which the court would be a super agency would necessitate the unlawful conferral of nonjudicial power in violation of the principle of separation of powers.

Determining if an order is "unsupported by the preponderance of substantial, reliable and probative evidence on the whole record" obviously requires a consideration and weighing of the described evidence both in support of and contrary to the order. Such does not make the review *de novo*. The Ohio Supreme Court, in *Andrews* v. *Board of Liquor Control*, 164 Ohio St. 275, in holding the review under R. C. 119.12 not to be *de novo*, stated, at page 230:

"The court must read and consider all the evidence offered by both sides and must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof. In other words, the court may reverse, vacate or modify the order of the agency, unless it finds that it 'is supported by reliable, probative and substantial evidence and is in accordance with law.' "

In support of the assertion by appellee that a chapter 2506.04 adjudication is *de novo*, it is stated in appellee's brief:

"Furthermore, under that Section the Trial Court can affirm, reverse, vacate or modify the order of the Civil Service Commission. What else could be done in a trial *de novo*?"

We answer this query by observing that a trial *de novo* is had as if the cause had not been tried before and the court enters the order it deems proper. It neither affirms, reverses, or modifies the judgment. See *The State, ex rel. Beil*, v. *Mahoning Valley Distributing Agency, Inc.*, 116 Ohio App. 57; *Lincoln Properties* v. *Goldslager*, 18 Ohio St. 2d 154.

We hold, irrespective of the precise perimeters of the scope of review under R. C. 2506.04, that it is not the equivalent of the *de novo* review mandated by the law and fact provision of R. C. 143.27.

In light of the above, the second assignment of error is sustained. The third assignment of error is likewise sustained insofar as it relates to the *de novo* consideration of the transcript.

The argument advanced under the first assignment of error is that the commission failed to follow its rules with respect to the admission and rejection of evidence. Since

this case must be tried *de novo*, any such claimed error intervening before the commission is immaterial for the reason that the court will now rule upon the admissibility of evidence. This assignment of error is overruled.

The judgment below is reversed and the cause remanded for a review consistent with this opinion.

*Judgment reversed.*

ABELE, P. J., concurs.
GRAY, J., concurs in judgment only.