MAHONEY, APPELLANT, *v.* CITY OF BEREA ET AL., APPELLEES.

(No. 50265 — Decided May 5, 1986.)

*Randall M. Perla,* for appellant.
*Kenneth G. Preston* and *Thomas J. LaFond,* for appellees.

PARRINO, C.J. Plaintiff John L. Mahoney appeals from the trial court's dismissal of his appeal pursuant to R.C. 124.34. For the reasons adduced below, the trial court's judgment is reversed and the cause is remanded.

I

The facts relevant to the instant appeal are as follows:

On May 24, 1984, John L. Mahoney was terminated from his position as a fire fighter with the city of Berea. After conducting a hearing on the matter, Berea's Director of Public Safety concluded the termination was proper.

Mahoney then appealed his termination to the Civil Service Commission of the city of Berea. Another hearing was conducted, and on August 7, 1984, the commission concluded that the termination was proper.

On August 17, 1984, Mahoney filed an appeal to the court of common pleas

on questions of law and fact.[1] On January 8, 1985, the city of Berea filed a "Motion to Dismiss Appeal on Questions of Law and Fact." It was the city's contention that the appeal should be dismissed because the appellant had failed to file a bond pursuant to R.C. 2505.06. Mahoney filed a brief in opposition to the motion to dismiss.

On April 15, 1985, the trial court granted the city's motion and dismissed the appeal.

John Mahoney filed a timely appeal from the trial court's dismissal, raising two assignments of error.

## II

First assignment of error:

"The trial court erred as a matter of law in granting defendant-appellee's motion to dismiss appeal on questions of law and fact pursuant to Ohio Revised Code Section 124.34 in that Section 124.34 does not require the filing of an appeal bond by appellant."

R.C. 124.34 provides in pertinent part:

"* * * An appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas in the county in which such city or civil service township is situated. Such appeal shall be taken within thirty days from the finding of the commission."

Although this statute does provide a terminated fire fighter with the right to appeal on questions of law and fact, it does not make mention of what procedures are to be applied.

The question of what procedures apply to an appeal pursuant to R.C. 124.34 (formerly R.C. 143.27) was resolved in *In re Locke* (1972), 33 Ohio App. 2d 177, 62 O.O. 2d 276, 294 N.E. 2d 230. In *In re Locke,* the court held as follows:

"We have concluded that the General Assembly intended the provisions of chapter 2505, known as the Appellate Procedure Act, to apply *where applicable* and that R.C. 143.27 and the provisions of R.C. chapter 2505, where applicable, are in *pari materia.*"[2] (Emphasis added.) *Id.* at 180, 62 O.O. 2d at 278, 294 N.E. 2d at 233-234.

*Resek* v. *City of Seven Hills* (1983), 9 Ohio App. 3d 224, 9 OBR 395, 459 N.E. 2d 566, follows *In re Locke* and applies R.C. 2505.08 and 2505.21.

The question yet to be resolved, however, is whether R.C. 2505.06 is "applicable" to appeals pursuant to R.C. 124.34. The court in *In re Locke* acknowledged the existence of this issue. After applying certain provisions of R.C. Chapter 2505, the court stated:

"A more serious question is the requirement of R.C. 2505.06 that an appeal bond superseding the judgment be filed within the time for filing the notice of appeal before an appeal is effective on questions of law and fact. Did the General Assembly intend such bond to be required under an R.C. 143.27 appeal? Such a bond was held, in * * * [*State, ex rel. Sidell,* v. *Cole* (1946), 147 Ohio St. 203, 34 O.O. 99, 70 N.E. 2d 451,] to be necessary under G.C. 486-17a for an effective law and fact appeal that was viewed to exist under the form of the statute prior to 1955, which view was subsequently rejected by the Supreme Court." *Id.* at 181, 62 O.O. 2d at 278, 294 N.E. 2d at 234.

Unfortunately, the court then con-

---

[1] R.C. 124.34 provides for such an appeal.

[2] R.C. 143.27 was renumbered as R.C. 124.34 in 1973. (See Am. S. B. No. 174, 135 Ohio Laws, Part I, 533, 621-622.) The applicable provision of that statute remains unchanged.

cluded that the resolution of that issue was unnecessary, and the issue has remained unresolved.

Thus, we are left to consider and determine whether the General Assembly intended to require a supersedeas bond to be filed in an appeal pursuant to R.C. 124.34.

In reaching this conclusion we must first consider the provisions of the relevant statutes. The plain language of R.C. 124.34 certainly makes no mention of or even suggests that a supersedeas bond is required. R.C. 2505.06, on the other hand, expressly states that appeals on questions of law and fact require a supersedeas bond. R.C. 2505.06 states as follows:

"Except as provided in section 2505.12 of the Revised Code, no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed."

However, further examination of the related statutes reveals that R.C. 2505.06 applies to appeals other than those pursuant to R.C. 124.34.

R.C. 2505.06 provides for a bond "in the amount and with the conditions provided in sections 2505.09 and 2505.14 * * *." R.C. 2505.09 provides that the bond should be for an amount "not less than the amount of the judgment and interest * * *." R.C. 2505.14 provides that as a condition of the bond the party appealing "shall abide and perform the order and judgment of the appellate court and pay all money, costs, and damages which may be re-

quired of or awarded against him * * *." After considering these related statutes, it is clear that the bond required under R.C. 2505.06 relates to a judgment rendered by a trial court for money damages.[3] In the case at bar, no judgment was rendered by the trial court, and no money is at stake. Therefore, from the plain language of R.C. 2505.06 and its related statutes, the bond requirement is not applicable in the instant case.

Next we must examine whether any purpose would be served in finding R.C. 2505.06 to be applicable.

A supersedeas bond is defined in Black's Law Dictionary (5 Ed. 1979) 1289 as:

"A bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful."

The purpose of an appeal bond is to secure the appellee's right to collect on the judgment during the pendency of the appeal. *Auditorium Realty Co.* v. *Hussman* (App. 1933), 14 Ohio Law Abs. 727. Therefore, an appeal bond would serve a purpose if the city had an interest at stake that could be lost or squandered by the appellant during his appeal.

In the case at bar, we cannot identify a single interest that the city would want secured by a bond pending an appeal. In light of this fact, we see no purpose in requiring a bond.

Since the language of the statutes does not require a bond to be filed, and such a bond would serve no useful purpose, we conclude that R.C. 2505.06 is not applicable to appeals pursuant to R.C. 124.34. We do not believe that the General Assembly intended to require an act which would serve no purpose.

---

[3] When R.C. 2505.06 was enacted, the appellate courts entertained appeals on questions of law and fact. Thus, R.C. 2505.06 was necessary to protect the in-terests of the party which prevailed in the trial court. Such appeals have since been abolished.

Accordingly, the appellant's first assignment of error is sustained.[4]

## III

Second assignment of error:

"The trial court erred in granting defendant-appellee's motion to dismiss in that said ruling was arbitrary, capricious and an abuse of the court's discretion and, thereby, denied appellant due process rights and a hearing on the merits."

In light of our resolution under the first assignment of error, appellant's second assignment of error is moot.

## IV

The trial court's judgment is reversed and the cause is remanded to the court of common pleas for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

JACKSON, J., concurs.

PRYATEL, J., dissents.

PRYATEL, J., dissenting. Respectfully, I dissent.

R.C. 2505.12 lists the individuals, political entities, etc. who do not require an appeal bond. The plaintiff is not among them.

In addition, the language quoted by the majority of the provisions of R.C. 2505.14 did not include the following:

---

[4] It is worth noting in passing that even if R.C. 2505.06 were applicable, the trial court's judgment would have been reversed. As even acknowledged by the appellee, the failure to file a bond does not result in the dismissal of the entire appeal. The trial court must proceed and consider the appeal on questions of law. See *Bauer* v. *Grinstead* (1943), 142 Ohio St. 56, 26 O.O. 252, 50 N.E. 2d 334. The trial court in the case at bar failed to even consider the appeal on questions of law.

"'* * * *When* said judgment is for the payment of money, the bond may provide that, if said judgment is not paid upon final affirmance, judgment may be entered against the sureties on said bond." (Emphasis added.)

That language indicates to me that a bond is required, but if it concerns a money judgment, it may embrace language that an unpaid judgment may be entered against the sureties.

In my view, a bond should be required in order "that the party appealing shall abide and perform the order and judgment of the appellate court and pay all * * * costs * * * which may be required of * * * him * * * and such other conditions as the court may provide." R.C. 2505.14.

I would affirm.