[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas, Probate Division, which denied the petition of appellants Sophie M. and Elizabeth O. Beyer for distribution of trust assets and granted the motion of appellee the state of New Jersey for suspension of execution of an order from this court to distribute those assets. In addition, the court ordered that the state of New Jersey was not required to post a bond in this action. From that judgment, appellants raise the following assignment of error:
 "THE PROBATE COURT ERRED IN GRANTING A STAY OF EXECUTION OF THIS COURT'S ORDER, WITHOUT BOND, AFTER THE SUPREME COURT OF OHIO HAD ALREADY CONSIDERED THE ISSUE AND DENIED A STAY."
On November 6, 1998, this court filed an opinion and judgment entry in this case which reversed the trial court's ruling in a declaratory judgment action filed by appellee National City Bank, Northeast, Trustee. We held in pertinent part that:
 "* * * under the terms of the Donald Van Horn testamentary trust, Sophie Beyer and Elizabeth Beyer are each entitled to one-half of Katherine's trust share. National City is ordered to terminate the trust and distribute the assets accordingly."
Thereafter, the state of New Jersey sought to appeal our decision to the Supreme Court of Ohio and the Beyers filed a notice of cross-appeal. The state of New Jersey also filed in the Supreme Court of Ohio a motion for stay of our judgment pending the outcome of the Supreme Court proceedings. Thereafter, the Supreme Court filed an entry allowing the appeal and cross-appeal. That appeal is still pending before that court.
On December 8, 1998, the Beyers filed an R.C. 2109.59
petition in the lower court for distribution of the trust assets pursuant to our opinion and judgment entry of November 6, 1998.
The state of New Jersey filed a response in opposition to the distribution and an R.C. 2505.39 motion for suspension of execution of our opinion and judgment entry on the ground that an appeal and motion for stay were then pending before the Supreme Court. On December 23, 1998, the Supreme Court filed an entry denying the motion for stay without explanation. Subsequently, on May 4, 1999, the trial court filed a judgment entry denying the Beyers' petition for distribution and granting the state of New Jersey's motion for suspension of execution of our opinion and judgment entry. In addition, the court ordered that New Jersey was not required to post a bond. It is from that judgment that the Beyers now appeal.
The Beyers contend that the trial court was without the authority to suspend the execution of our opinion and judgment entry because the Supreme Court had already denied the same request for a stay.
R.C. 2505.39 provides:
 "A court that reverses or affirms a final order, judgment, or decree of a lower court upon appeal on questions of law, shall not issue execution, but shall send a special mandate to the lower court for execution or further proceedings.
 "The court to which such mandate is sent shall proceed as if the final order, judgment, or decree had been rendered in it. On motion and for good cause shown, it may suspend an execution made returnable before it, as if the execution had been issued from its own court. Such suspension shall extend only to stay proceedings until the matter can be further heard by the court of appeals or the supreme court."
Accordingly, pursuant this statute, the probate court had the authority to suspend execution of our judgment while the case is pending before the Supreme Court of Ohio. The Beyers, however, contend that under the "law of the case" doctrine, the probate court was required to deny the request for suspension because the Supreme Court had denied a similar request before that court.
The "law of the case" doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. In Nolan, the Supreme Court of Ohio further noted that "the doctrine functions to compel trial courts to follow the mandates of reviewing courts." Id.
Pursuant to S.Ct.Prac.R. XI, Section 3, the Supreme Court's ruling on the state of New Jersey's motion for stay did not constitute a "mandate." That is, a "mandate" is only issued after the Supreme Court decides a case on its merits. See Staff and Committee Notes to S.Ct.Prac.R. XI. A ruling on a motion for stay does not constitute a ruling on the merits and thus no "mandate" was issued. Accordingly, the "law of the case" doctrine did not operate to prevent the probate court from granting the motion for suspension of execution of our judgment entry.
The Beyers further contend that the trial court was without authority to grant the motion for suspension without requiring the state of New Jersey to post a supersedeas bond.
R.C. 2505.09 reads in relevant part:
"Except as provided in R.C. 2505.11 or
 2505.12 or another section of the Revised Code or in applicable rules governing courts, an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee, with sufficient sureties and in such sum, not less than, if applicable, the amount of the final order, judgment, or decree and interest involved, as is directed by the court that rendered the final order, judgment, or decree that is sought to be superseded or by the court to which the appeal is taken. Such bond shall be conditioned as provided in section 2505.14 of the Revised Code."
R.C. 2505.12 sets forth the specific circumstances under which a supersedeas bond is not required and reads:
 "A supersedeas bond does not have to be given in connection with an appeal by any of the following:
 "(A) Executors, administrators, guardians, receivers, trustees, or trustees in bankruptcy, acting in their respective trust capacities, who have given bond in this state, with surety according to law;
 "(B) The state or any political subdivision of the state;
 "(C) Any public officer of the state or of any of its political subdivisions suing or sued solely in his representative capacity as such officer."
Clearly, none of these exceptions applies to the state of New Jersey. Nevertheless, New Jersey asserts that because the underlying action is a declaratory judgment action, because New Jersey is not the party against whom a "judgment" for money has been or could be ordered, and because the money at issue is safely on deposit in an interest bearing account with appellee National City Bank, Northeast, Trustee, the Beyers will not be harmed by the failure of New Jersey to post a supersedeas bond in this case. For the following reasons, we agree.
R.C. 2505.09 provides that the supersedeas bond must be in the amount of the final order, judgment or decree and shall be conditioned as provided in R.C. 2505.14. R.C. 2505.14 provides that as a condition of the bond, the party appealing "* * * shall abide and perform the order, judgment, or decree of the appellate court and pay all money, costs, and damages which may be required of or awarded against him upon the final determination of the appeal * * *." In the present case, there is no order, judgment or decree which the state of New Jersey was ordered to perform. Rather, the case at hand concerns two parties, the Beyers and New Jersey, who each claim an interest in funds which are held by a third party, National City Bank, Northeast, Trustee. In Mahoneyv. Berea (1986), 33 Ohio App.3d 94, the court addressed the need for a supersedeas bond in administrative appeals taken under R.C.124.34. The court, reading R.C. 2505.06[1] and R.C. 2505.14
together, held that "* * * the bond required under R.C. 2505.06
relates to a judgment rendered by a trial court for money damages." Mahoney, supra, at 96. In reaching this conclusion, the court interpreted R.C. 2505.09 and 2505.14, which are referred to in R.C. 2505.06. Because no judgment for money damages was rendered in that case, the court held that the bond requirement of R.C. 2505.06 did not apply. The court then noted that Black's Law Dictionary (5 Ed. 1979) 1289, defined a supersedeas bond as: "A bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." Given this definition, the court held that no purpose would be served in requiring a bond under the circumstances of that case.
We find the Mahoney case instructive in the present matter. As in Mahoney, the bond required by the statute at issue herein, R.C. 2505.09, relates to a judgment rendered for money damages. No judgment for money damages has been rendered in this case. Rather, this court has determined that the Beyers are the rightful owners of their sister's share of the corpus of a trust presently held by National City Bank. Moreover, as in Mahoney, no purpose would be served in requiring New Jersey to post a bond under the circumstances of this case. The Beyers have no interest at stake "that could be lost or squandered by" New Jersey while the appeal is pending. Mahoney, supra, at 96.
Accordingly, we find that the trial court did not err in granting the stay of execution or in doing so without requiring the state of New Jersey to post a supersedeas bond. The sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Huron County Court of Common Pleas, Probate Division, is affirmed. Court costs of this appeal are assessed to appellant.
Peter M. Handwork, P.J.
James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.
 _______________________________ JUDGE
[1] R.C. 2505.06 addresses bonds in administrative-related appeals and reads:
 "Except as provided in section 2505.12 of the Revised Code, no administrative-related appeal shall be effective as an appeal upon questions of law and fact until the final order appealed is superseded by a bond in the amount and with the conditions provided in sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed."