HODGE, APPELLANT, *v.* VILLAGE OF WOODLAWN ET AL.,
APPELLEES.

[Cite as Hodge v. Woodlawn (1977), 53 Ohio App. 2d 319.]

(No. C-76514—Decided August 3, 1977.)

*Mr. James R. Rimedio,* for appellant.
*Mr. Louis F. Lausche,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County; the transcript of the proceedings; the assignments of error; and the briefs and arguments of counsel.

The principle issue raised by appellant is whether in a procedure against a police officer under R. C. 737.171,[1] the legislative authority may reprimand the officer in

---

[1] R. C. 737.171 reads, in full, as follows:

"When the mayor of a village has reason to believe a duly appointed marshal, deputy marshal, policeman, night watchman, or special policeman of the village has been guilty of incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance in the performance of his official duty, he shall file with the legislative authority of the village written charges against such person setting forth in detail the reason therefor and immediately serve a true copy thereof upon the person against whom they are made.

"Charges filed under this section shall be heard at the next regular meeting of the legislative authority occurring not less than five days after the date such charges have been served on the person against whom they are made. The person against whom such charges are filed

writing and order that a copy thereof be placed in his personnel file. *Sua sponte,* the court raises the question of whether under R .C. 737.171 an appeal can be had from a reprimand. We conclude a reprimand cannot be appealed under that statute.

Upon the complaint of a councilwoman, Mayor James D. Keels of the village of Woodlawn filed written charges with council against Sergeant Ernest Hodge, serving a true copy on him, all expressly pursuant to R. C. 737.171. The officer was charged with three instances of misconduct during the arrest of a suspect:

"(1) leaving your patrol car without proper uniform;

"(2) using unnecessary restraint [force];

"(3) using abusive language."

After a full hearing, council dismissed the first and third charges but found that the second charge was sustained. Council ordered that "a written reprimand be prepared by the Mayor and sent to Sergeant Hodge and a copy placed in his personnel file."

Sergeant Hodge appealed this determination, under R. C. 737.171, to the Court of Common Pleas,[2] and the ap-

---

may appear in person and by counsel at such hearing, examine all witnesses, and answer all charges against him.

"At the conclusion of the hearing, the legislative authority may dismiss the charges, suspend the accused from office for not more than sixty days, or remove the accused from office.

"Action of the legislative authority removing or suspending the accused from office requires the affirmative vote of two-thirds of all members elected thereto.

"In the case of removal from office the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. Such appeal shall be taken within ten days from the date of the finding of the legislative authority."

[2] Sergeant Hodge's notice of appeal reads as follows:

"Sgt. Ernest Hodge, member of the Woodlawn, Ohio Police Department, hereby appeals a letter of reprimand which was the finding of the Village Council of the Village of Woodlawn decided on Tuesday, January 28, 1975, which said council made above determination pursuant to charges of a violation of Ohio Revised Code §737.171, and pursuant to law Ernest Hodge hereby files a notice of appeal.

"For the purpose of this appeal, bond is hereby set at $25.00."

peal was dismissed. Sergeant Hodge now assigns three errors.

Before we reach those claimed errors, we consider, sua sponte, a preliminary question. Can an appeal be taken from a written reprimand issued by council at the conclusion of proceedings held under R. C. 737.171? Our reading of the record and the statute leads us to the decisions that an appeal cannot be had and that the trial court was correct in dismissing Sergeant Hodge's appeal.

The record is undeniably clear that the proceedings against Sergeant Hodge were initially brought by the Mayor under R. C. 737.171,[3] and that Sergeant Hodge's appeal to the Court of Common Pleas was under that same section.[4] However, only a person *removed* from office may appeal to the Common Pleas Court under that special statutory proceeding. There is no other right of appeal created thereunder. The court has only the authority granted to it by statute. Section 4(B), Article IV, Ohio Constitution. Sergeant Hodge was not removed from office, his appeal does not lie, and the court below properly dismissed the case.[5]

---

[3]Assuming Sgt. Hodge occupied a classified position under municipal civil service, a fact which is neither proved nor disproved by the record before us, proceedings might have been initiated against him by the "appointing authority," and if that had been the initiating procedure, then his appellate remedies would be found in R. C. 124.34. However, those procedures have no application in this case because the mayor chose to use R. C. 737.171.

[4]It is conceivable, but we do not decide, that there may have been another "remedy of appeal" available to Sgt. Hodge: an appeal under R. C. Chapter 2506 which is stated in R. C. 2506.01 to be "in addition to any other remedy of appeal provided by law." That is an entirely different procedure. *In re Locke* (1972), 33 Ohio App. 2d 177. However, that remedy was not invoked by Sgt. Hodge because his notice of appeal refers only to R. C. 737.171. Therefore, we do not decide in this case whether proceedings under R. C. Chapter 2506 are generally available to appeal a final order rendered under R. C. 737.171, or whether if generally available, Chapter 2506 proceedings may be utilized to appeal council decisions (such as dismissal or suspension for less than 60 days) not appealable under R. C. 737.171.

[5]The fact that the court below used in its judgment entry language from R. C. Chapter 2506 does not affect the validity of its final judg-

This result is consistent with our earlier decision in *Foy* v. *Village of Felicity* (1974), 68 Ohio Op. 2d 341, in which we held that the Common Pleas Court erred in ordering that the marshall of the village "not be reinstated" to his position after it found on the evidence before it that council's original removal was without proper cause. Since the marshall had been *removed* from office by the legislative authority, he had a right to appeal to the Common Pleas Court.

We have concluded that appellant had no right to appeal under the special statutory proceeding which he selected. Therefore, it is not necessary to pass on appellant's three assignments of error.[6]

We affirm the judgment of the Common Pleas Court dismissing the appeal from the council of the village of Woodlawn.

*Judgment affirmed.*

PALMER, P. J., CASTLE and BLACK, JJ., concur.

---

ment. It is well established that if the end result is proper, the fact that the court got there by the wrong route does not constitute reversible error.

[6] The three assigned errors relate to procedural and substantive decisions of the Common Pleas Court in handling the merits of the appeal: (1) that as the "party adversely affected," Sgt. Hodge was entitled to a court finding in his favor because the village failed to file a complete transcript of the record within 30 days after the notice of appeal was filed; (2) that council had no authority to issue a reprimand, being limited to dismissal, suspension of not more than 60 days, or removal from office; and (3) that the decisions below were against the manifest weight of the evidence.